UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION
_____

ISAIAH ROBINSON,

        Petitioner,               Case No. 1:24-cv-1128

v.                                        Honorable Ray Kent

WHITE CLOUD, CITY OF et al.,

        Respondents.
_____/

## ORDER TO SEVER CLAIMS FOR DAMAGES
## AND TO FILE AMENDED PETITION

This is action arises out of a pleading titled "Writ Application in Admiralty" filed by state prisoner Isaiah Robinson. In his present pleading, Mr. Robinson sues the City of White Cloud, Spectrum Health Gerber Memorial Hospital, the State of Michigan, Gretchen Whitmer, Dana Nessel, the Michigan Department of Corrections, Heidi Washington, the Michigan Department of Licensing and Regulatory Affairs, Orlean Hawks (named as Olean Harks), and the Oaks Correctional Facility. He seeks "the repossession of 'property,' discharge from commitment, as well as[] additional compensation, restitution, and other assessments . . ." (ECF No. 1, PageID.2.) Given these allegations, it is unclear whether Mr. Robinson in fact seeks to bring a civil complaint for damages, a petition for writ of habeas corpus, or a hybrid action.

Regardless of Mr. Robinson's intent, courts generally have been reluctant to allow hybrid civil rights/habeas actions, given that civil rights actions and habeas petitions have distinct purposes and contain unique procedural requirements that make a hybrid action difficult to manage. *See Spencer v. Barret*, No. 14-10823, 2015 WL 4528052, at *4 (E.D. Mich. July 27, 2015); *see also Moore v. Pemberton*, 110 F.3d 22, 24 (7th Cir. 1997) (reasons for not allowing a

prisoner to transform a § 1983 action into one seeking habeas relief include (1) potential application of *Heck v. Humphrey*, 512 U.S. 477 (1994), (2) differing defendants, (3) differing standards of § 1915(a)(3) and § 2253(c), (4) differing fee requirements, (5) potential application of second or successive petition doctrine or three-strikes rules of § 1915(g)); *Dunbar v. Rozen*, No. 1:18-cv-617, 2019 WL 3213757, at *2 (W.D. Mich. July 17, 2019) (holding that a "hybrid" action involving both civil rights and habeas claims "presents significant problems," and courts typically have directed prisoners to file separate actions) (citing *Kirk v. Jablonski*, No. 18-cv-288, 2019 WL 1283009, at *1 (D.N.M. Mar. 20, 2019)); *Mittelstadt v. Wall*, No. 14-cv-423-jdp, 2014 WL 5494169, at *2 (W.D. Wisc. Oct. 30, 2014) (holding that prisoner "cannot pursue both habeas and § 1983 claims in a single lawsuit").

Given that Mr. Robinson claims that he is not "the 'Defendant', 'Offender', or 'Prisoner' accounted for" (ECF No. 1, PageID.10), and seeks declaratory and injunctive relief, including the "discharge from commitment" (*id.*, PageID.2), and a "[d]eclaration tantamount to 'setting aside' the January 9, 2017 'Judgement of Sentence Commitment to Department of Corrections." (*id.*, PageID.35). the Court has construed Mr. Robinson's pleading as primarily a petition for writ of habeas corpus.

All applications for habeas corpus relief must be submitted on the form petition provided by this Court. *See* Rule 2(d), Rules Governing § 2254 Cases; W.D. Mich. LCivR 5.6(a). Mr. Robinson failed to file his petition on the requisite form.

If Mr. Robinson wishes to proceed with his action, he must carefully fill out the form and submit it to the Court. The Court directs the Clerk to send to Mr. Robinson a copy of the form petition under 28 U.S.C. § 2254 for writ of habeas corpus by a person in state custody. Mr. Robinson shall submit an amended petition by filing his habeas petition on the requisite form

within 28 days from the date of entry of this order. The case number shown above must appear on the front page of the amended petition. Mr. Robinson must file an original and one complete copy of the amended petition and any new attachments. Mr. Robinson need not re-submit supporting materials filed with the original petition. Because the amended petition will take the place of the original petition, the amended petition must set forth all of the grounds for relief that Mr. Robinson intends to raise.

If Mr. Robinson fails to submit an amended petition in proper form within the time allowed, the petition may be dismissed without prejudice by the Court. Mr. Robinson is reminded that any amended petition must be limited to those matters properly contained within a habeas corpus petition and shall not include claims for damages. The failure to comply with this order may result in dismissal.

However, because Mr. Robinson has included within his pleading requests for additional relief, including "repossession of 'property,'" "compensation," and "restitution," the Court will also direct the Clerk to sever Mr. Robinson's claims for damages and other relief against Defendants into a new, separate action. The Clerk shall open a new case for the claims which should reflect that the new case is a prisoner civil rights suit under 42 U.S.C. § 1983 with "555" as the nature of suit. Any pleadings filed to date in the instant case shall appear in the docket of the new case. The Western District of Michigan has several rules designed to have related or cognate cases assigned to a single judge. *See* W.D. Mich. LCivR. 3.3.1(d), 3.3.2. Assigning related or cognate cases promotes judicial economy. The present case and the new case that will result from the severance of Plaintiff's claims shall be related cases under the Local Rules.

Accordingly,

**IT IS ORDERED** that the Clerk shall send to Mr. Robinson a copy of the form petition under 28 U.S.C. § 2254 for writ of habeas corpus by a person in state custody.

**IT IS FURTHER ORDERED** that Mr. Robinson shall submit an amended petition by filing his habeas petition on the requisite form and in accordance with this order within 28 days from the date of entry of this order.

**IT IS FURTHER ORDERED** that the Clerk shall sever the claims for damages against Respondents and shall open a new case for the claims as a prisoner civil rights suit under 42 U.S.C. § 1983 with "555" as the nature of suit. The pleadings filed to date in the instant case shall appear in the docket of the new case. The present case and the new case that will result from the severance of Mr. Robinson's claims shall be related cases under the Local Rules.

Dated:  October 30, 2024     /s/ Ray Kent
                                                                Ray Kent
                                                                United States Magistrate Judge